Filed 8/28/24  P. v. Saechao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C096787 |
| Plaintiff and Respondent, | (Super. Ct. No. CR199853172) |
| v. |  |
| TOUT SAECHAO, |  |
| Defendant and Appellant. |  |

Defendant Tout Saechao appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6 at the prima facie stage.[1]  Appellant counsel filed a brief raising no arguable issues and requesting this court to independently

---

[1] Undesignated statutory references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as 1172.6 with no substantive changes to the statute. (Stats. 2022, ch. 58, § 10.)  We will cite to the current section throughout this opinion.

1

review the appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant has also filed a supplemental brief challenging the trial court's failure to issue a statement of reasons for the denial of his petition, asserting nothing in his record of conviction contradicts his prima facie showing, and alleging he received ineffective assistance of counsel below. Having reviewed defendant's arguments, we find the trial court's failure to make a statement in compliance with section 1172.6, subdivision (c) is harmless because the record of conviction affirmatively establishes defendant's ineligibility for relief. Defendant's other arguments are similarly without merit. Accordingly, we will affirm.

## I. BACKGROUND

The fourth amended information charged multiple individuals with the murder and kidnapping of Meuy Saelee. As we explained in defendant's previous appeal: "Defendant Tout Saechao was convicted after trial by jury of the first degree murder of Meuy Saelee during the commission of a kidnapping (. . . §§ 187, subd. (a), 190.2, subd. (a)(17)) and kidnapping (§ 207, subd. (a)). The jury acquitted defendant of attempting to dissuade a witness. (§ 136.1, subd. (a)(2).) The trial court found true the allegations that defendant was previously convicted of a serious felony within the meaning of sections 667, subdivision (c) and 667, subdivision (e)(1). The court sentenced defendant to state prison for life without the possibility of parole on the murder charge, plus a 16 year concurrent term (double the upper term) for kidnapping." (*People v. Saechao* (Oct. 25, 2000, C033000) [nonpub. opn.].) Defendant appealed, and we stayed the sentence imposed on the kidnapping count in accordance with section 654, but otherwise affirmed the judgment.

After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), defendant filed an in propria persona petition for resentencing checking boxes alleging he had been previously convicted of murder pursuant to the felony-murder rule

2

or the natural and probable consequences doctrine and could not now be convicted of murder because of changes made to sections 188 and 189. He further checked boxes alleging he was not the actual killer and did not "with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." On September 13, 2021, the court appointed conflict counsel to represent defendant in his petition, and on March 17, 2022, the court set a briefing schedule agreed to by the parties.

On May 13, 2022, the People filed an informal response to defendant's petition arguing the information, jury verdicts, and procedural history of this court's previous appellate opinion established defendant's ineligibility for relief as a matter of law. Specifically, defendant's jury was instructed: " 'If you find the defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true, murder in the c[o]urse of kidnapping . . . you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that the defendant with intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree.' " Thus, the jury's true finding showed defendant was ineligible for relief.

Defendant's appointed counsel did not file a response, and at a hearing on June 10, 2022, conceded the People's argument was correct. While there was no finding that defendant was the actual killer, the jury did find he had an intent to kill. In light of this concession, the trial court found "that the petitioner ha[d] failed to make a prima facie case before th[e] Court." Defendant timely appealed.[2]

---

[2] The delays associated with the processing of this appeal were because it originally appeared defendant had appealed from a nonappealable order, resulting in the dismissal of his appeal. However, later it was determined defendant had intended to appeal from the denial of his section 1172.6 petition, and his appeal was reinstated. This appeal was fully briefed on June 12, 2024, and a panel assigned June 25, 2024.

We granted defendant's motion to incorporate the record from his previous appeal, and defendant's appellate counsel filed a brief under *Wende* and *Delgadillo* requesting this court exercise its discretion to independently review the record for error.

Sometime prior to counsel's declaration executed on March 7, 2024, appellate counsel wrote defendant, explaining she would be filing a *Delgadillo* brief, and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed.

On March 8, 2024, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating her review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we reiterated if this court did not receive a letter or brief within that 30-day period, his appeal may be dismissed as abandoned. We then granted defendant two extensions of time to file his supplemental briefs.

On June 12, 2024, defendant filed a supplemental brief, which we understand to argue his rights to due process and equal protection were violated, including the trial court's denial of his petition without providing a statement of reasons in violation of section 1172.6, subdivision (c). Defendant also asserts he made a prima facie showing entitling him to an order to show cause and nothing in his record of conviction establishes that he was the actual killer. Finally, defendant argues he received ineffective assistance of counsel given his counsel's failure to challenge his ineligibility in the trial court or demand that court make a statement of reasons for its denial required by section 1172.6, subdivision (c).

## II. DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) First, the trial court must determine whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis, supra*, at p. 960.) If the petition is facially sufficient, the court follows subdivision (c), appointing counsel (if requested) and following the briefing schedule set forth in the statute. (*Lewis, supra*, at p. 966.) Following the completion of this briefing, the court determines whether petitioners have made a prima facie showing that they are entitled to relief. (*Ibid.*)

As our Supreme Court explained: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including

5

the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

At the outset and relevant to defendant's due process and equal protection claims, we note defendant was provided a full and fair opportunity to pursue his resentencing petition, as he was appointed counsel, was afforded the opportunity for briefing, and had a hearing on his prima facie eligibility for relief at which he was represented by counsel. This complies with his procedural due process right " 'to notice and a meaningful opportunity to be heard.' " (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 795.)

To the extent defendant challenges the denial of his petition as inadequately relaying the basis for the denial of his petition, we note this court in *People v. Pillsbury, supra,* found a procedural due process right to a statement of reasons for denying a resentencing recommendation initiated by the California Department of Corrections and Rehabilitation under section 1170, subdivision (d). (*Pillsbury, supra*, 69 Cal.App.5th at p. 797.) Assuming for purposes of argument that such a due process right also applies to the trial court's failure to explain why defendant failed to state a prima facie case as required by 1172.6, subdivision (c), we would find this error harmless beyond a reasonable doubt because defendant was unquestionably ineligible for relief as a matter of law as we shall explain herein.[3] (*Chapman v. California* (1967) 386 U.S. 18, 24.) Finally, nothing in the record suggests that defendant suffered a disparity in treatment that would need to be justified by a legitimate government purpose as protected by the equal protection clause. (*People v. Hardin* (2024) 15 Cal.5th 834, 847.)

---

[3] For the same reason, any claim concerning the trial court's statutory error in failing to "provide a statement fully setting forth its reasons for" declining to issue an order to show cause (§ 1172.6, subd. (c)) was harmless under *Watson*. (See, e.g., *Lewis, supra*, 11 Cal.5th at p. 973 [failure to follow statutory procedure judged for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836].)

There remains defendant's arguments that he stated a prima facie case and nothing in his record of conviction established his ineligibility for relief because he was not the actual killer. This argument is foreclosed because our review of the record of conviction reveals defendant's ineligibility for relief as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433, 459-461; *Lewis, supra*, 11 Cal.5th at p. 971.) Defendant's jury was not instructed on either the natural and probable consequences doctrine or on felony murder. Rather, the jury was instructed on direct theories of conspiracy and aiding and abetting liability.[4] This alone establishes his ineligibility for relief. (See, e.g., *People v. Gentile, supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder"]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1057 ["Senate Bill No. 1437 changed the circumstances under which a person could be convicted of murder without a showing of malice, but it did not exclude from liability persons convicted of murder for acting with implied malice"].)

Moreover, the special circumstance jury instructions affirmatively remove any possibility that defendant could establish a prima facie case based upon a theory that he was prosecuted on any other "theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) Defendant's jury was instructed with CALJIC No. 8.80.1, which provided in pertinent part: "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that *the defendant with the intent to kill aided, abetted,*

---

[4] For example, the jury was instructed with principals (CALJIC No. 3.00), aiding and abetting (CALJIC No 3.01), criminal intent necessary to make one an accomplice (CALJIC No. 3.14), conspiracy joint liability (CALJIC No. 6.11), murder (CALJIC No. 8.10), deliberate and premeditated murder (CALJIC No. 8.20), malice aforethought (CALJIC No. 8.11), and homicide-cause defined (CALJIC No. 8.55).

*counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree.*" (Italics added.) Defendant's jury further had to find he "specifically intended to take the life of Meuy Saelee" to find the murder during the commission of a kidnapping special circumstance true.

Reading these instructions together, when the jury found true that defendant "was engaged in or was an accomplice in the murder in the commission of the crime of kidnapping . . . ," they also necessarily made findings directly refuting defendant's allegation in his form petition that he did not "with the intent to kill, aid[], abet[], counsel[], command[], induce[], solicit[], request[], or assist[] any actor in the commission of the murder in the first degree." This precludes defendant from making a prima facie showing of eligibility for relief. (*Curiel, supra*, 15 Cal.5th at pp. 463-465.)

Moreover, to the extent CALJIC No. 8.80.1 does not directly instruct the jury on the mental state required for aider and abettor murder, defendant's jury was so instructed, thus ensuring their findings included all necessary elements to establish liability for direct accomplice murder liability. (*Curiel, supra*, 15 Cal.5th at p. 467.) Specifically, defendant's jury was instructed with CALJIC No. 3.01 on aiding and abetting generally, which explained: "A person aids and abets the commission of a crime when he or she, [¶] [(1)] With knowledge of the unlawful purpose of the perpetrator and [¶] [(2)] With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] [(3)] By act or advice aids, promotes, encourages or instigates the commission of the crime. Further, the jury was also instructed on the criminal intent necessary to make a person an accomplice (CALJIC No. 3.14), which provided: "Merely assenting to or aiding or assisting in the commission of a crime without knowledge of the unlawful purpose of the perpetrator and without the intent or purpose of committing, encouraging or facilitating the commission of the crime is not criminal. Thus a person who assents to, or aids, or assists in, the commission of a crime without that knowledge and without that intent or purpose is not an accomplice in the commission of the crime."

8

Therefore, there is no question that the jury determined that defendant not only acted with intent to kill but also knew of the actual killer's intent when he aided and abetted the murder in this case. (*Curiel, supra*, at p. 467.)

In light of defendant's ineligibility to relief as explained herein, defendant cannot show he received ineffective assistance of counsel in the trial court. (See *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694, [defendant seeking relief for ineffective assistance must establish both the ineffectiveness of that assistance and that he was prejudiced by counsel's failure]; *People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless position does not demonstrate ineffective assistance of counsel].)

## III. DISPOSITION

The trial court's order dismissing defendant's section 1172.6 petition is affirmed.


/S/

---
RENNER, J.



We concur:


/S/

---
MAURO, Acting P. J.


/S/

---
FEINBERG, J.

9